# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cr-340-MOC-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ADAM LAWRENCE RANDOLPH, IV, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Compassionate Release. (Doc. No. 44). Defendant seeks release based on the COVID-19 pandemic and the fact that he purportedly suffers from a hip ailment that will require surgery. Id.

By its terms, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Here, Defendant has not shown that he exhausted available administrative remedies by first asking the Bureau to file a compassionate release request on his behalf. The Bureau shares this Court's "desire for a safe and healthy prison environment." Id. at 597. Given the Attorney General's directive that the Bureau "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," the Court is confident that the Bureau will speedily resolve Defendant's compassionate release request. Id. (quoting Memorandum from Attorney Gen. to Dir., Bureau of Prisons 1 (Mar. 26, 2020)). Because Defendant has failed to show he exhausted administrative remedies provided by the Bureau, the Court declines to exercise any discretion it may have to modify his term of

imprisonment at this time. See, e.g., United States v. Vigna, No. 16-CR-786, 2020 WL 1900495, at *6 (S.D.N.Y. Apr. 17, 2020) (declining to address the exhaustion question and requiring a defendant to file a compassionate release request with the Bureau).

Additionally, Defendant has not shown he suffers from any illnesses that place him at a particular increased risk from the COVID-19 pandemic. The Court shares the view of the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau]'s statutory role, and its extensive and professional efforts to curtail the virus's spread." Raia, 954 F.3d at 597. Therefore, if Defendant chooses to refile his motion after exhausting available remedies, he should supply any supporting evidence that can offer showing why he in particular deserves compassionate release—including evidence of his personal health, criminal history, prison disciplinary record, and likely danger to the community if released.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release, Doc. No. 44, is **DENIED**.

Signed: August 10, 2020

Max O. Cogburn Jr
United States District Judge