UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-340-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ADAM LAWRENCE RANDOLPH, IV, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 58).

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, as the Government asserts in its brief in opposition, Defendant did not exhaust his administrative remedies before filing the pending motion. Because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion.

As to Defendant's request for appointment of counsel in his motion, Defendant's motion to appoint counsel is denied, as he has no constitutional right to counsel in assisting him with filing a post-conviction motion to vacate or reduce sentence. See Pennsylvania v. Finley, 481 U.S. 551, 554 (1987); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se "Motion for Compassionate Release/Reduction of Sentence" (Doc. No. 58), is **DENIED**, without prejudice to Defendant to

1

refile the motion after he has exhausted his administrative remedies with the BOP.

Signed: October 26, 2022

Max O. Cogburn Jr
United States District Judge