UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-340-MOC-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ADAM LAWRENCE RANDOLPH, IV, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 64). The Government has responded in opposition to the motion, (Doc. No. 72), and Defendant has filed a reply, (Doc. No. 76).

### I.   BACKGROUND

Defendant bought and sold crack cocaine in Gaston County, North Carolina between 2015 and 2018. (Doc. No. 28 ¶¶ 7, 10–19). In May of 2018, police executed a search warrant at Defendant's home and seized crack cocaine, a loaded nine-millimeter pistol, digital scales, sandwich baggies, and $528 in cash. (Id. ¶ 16). Defendant sold "far in excess" of 280 grams of crack cocaine. (Id. ¶ 20). When Defendant committed these offenses, he had previously been convicted of 10 drug-trafficking offenses, in addition to other drug offenses. (Id. ¶¶ 50, 52–53, 55, 58–59).

The Government charged Defendant through a Bill of Information with conspiracy to distribute and possess with intent to distribute at least 280 grams of crack cocaine, 21 U.S.C. § 846; and possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c).

-1-

(Doc. No. 14). The Government filed an information under 21 U.S.C. § 851, stating that it intended to seek an enhanced penalty because of Defendant's prior conviction of a felony drug offense. (Doc. No. 28 ¶ 2). Defendant entered into a plea agreement with the Government and pleaded guilty to both offenses. (Doc. No. 16 ¶ 1). The Government withdrew the Section 851 information in exchange for Defendant's guilty plea. (Id. ¶ 5).

This Court's probation office submitted a presentence report and calculated a total offense level of 27 for the drug-trafficking-conspiracy offense. (Doc. 28 ¶ 37). The probation office classified Defendant as a career offender, yielding an advisory guideline range of 262 to 327 months in prison. (Id. ¶¶ 39, 102). With the Section 851 information, Defendant would have been subject to a statutory mandatory-minimum sentence of 20 years in prison. (Id. ¶¶ 100, 103). Defendant moved for a downward-variance sentence. This Court sentenced Defendant to 168 months in prison for his drug-trafficking offense and to a consecutive sentence of 60 months in prison for his firearm offense, for an aggregate sentence of 228 months in prison. (Doc. No. 38 at 2; Doc. No. 39 at 3).

Defendant asked the warden of his Bureau of Prisons ("BOP") to reduce his sentence in December of 2023. (Doc. No. 64-1 at 19; Doc. No. 73 at 2). Defendant now asks this Court to grant him compassionate release. In support, Defendant asserts that his efforts at rehabilitation have been extraordinary. (Doc. No. 64 at 3–4). Defendant also asserts that his 80-year-old mother suffers from Parkinson's disease and has no primary-care provider to assist her. (Doc. No. 64 at 5). Defendant states that he would live with his mother if released. (Id. at 15). Defendant also asserts that he suffers from medical "issues with his hip" that have left him "to suffer" and unable to provide self-care. (Id. at 6). He asserts that he continues to suffer from the

BOP's failure to provide adequate medical care. (Id. at 6–10). Defendant asserts further that he is serving an "unusually long sentence in comparison to the average sentence of those sentenced for drug crimes," including sentences "imposed on leaders of major drug trafficking organizations." (Id. at 11–13). Finally, Defendant states that the COVID-19 pandemic and the dangers he faces due to the pandemic warrant his compassionate release. (Id. at 17).

Defendant's projected release date is November 14, 2034. (Gov't Ex. 1 at 1). Defendant has not committed any disciplinary infractions while in prison, and he has completed 16 educational courses. (Id. at 1–2). Defendant's medical records reflect that in December of 2022, Defendant's physician determined that he needed a total right hip replacement because "conservative management of his severe bone-on-bone arthritis" had failed. (Doc. No. 73 at 1). In May of 2023, Defendant reported that his pain level was a 4 out of 10, and his records reflect that he was not taking prescribed medication. (Id. at 139). Defendant was transferred to a different BOP facility to enable his hip replacement, and he received that hip replacement in the Fall of 2023. (Id. at 3–6, 9–15). By January of 2024, he was not having any pain in his hip and was "very pleased with the hip." (Id. at 8). Defendant developed a "foot drop" after his surgery, but his mobility "continue[d] to progress." (Id. at 7).

## II.     DISCUSSION

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement applicable to compassionate-release motions is

Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended Section 1B1.13, effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if this Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) describes five categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant, (2) the age of the defendant, (3) a defendant's family circumstances, (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury," and (5) an unusually long sentence.

Medical circumstances that a court may find to support a finding of extraordinary and compelling reasons include a terminal illness; a serious medical condition or impairment or a deterioration of physical or mental health caused by aging that "substantially diminishes the ability of the defendant to provide self-care and from which he is not expected to recover; and a medical condition requiring long-term or specialized medical care that is not being provided and that presents a risk of serious deterioration in health or death. Id. § 1B1.13(b)(1). A court may also find extraordinary and compelling reasons justifying compassionate release under this

category if the defendant shows that he is housed at a correctional facility affected by an ongoing outbreak of infectious disease or public health emergency, the defendant is at increased risk of suffering severe medical complications or death as a result, and this risk cannot be adequately mitigated in a timely manner. (Id.).

A defendant's age may constitute an extraordinary and compelling reason if the defendant is at least 65 years old, is experiencing a serious and age-related deterioration in physical or mental health and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. Id. § 1B1.13(b)(2). Family circumstances may constitute an extraordinary and compelling reason upon (1) the death of incapacitation of the caregiver of the defendant's minor child or the defendant's older child who is incapable of self-care because of a medical disability or condition, or (2) the incapacitation of the defendant's spouse, partner, parent, or equivalent relation when the defendant would be the only available caregiver. Id. § 1B1.13(b)(3). A court may also find that extraordinary and compelling reasons for compassionate release exist where a defendant presents "any other circumstance or combination of circumstances that "are similar in gravity to those described" above.

Additionally, a court may find extraordinary and compelling reasons warranting compassionate release where a defendant received "an unusually long sentence" and has served at least 10 years of that sentence and a new legal development, other than a retroactive amendment to the Sentencing Guidelines, "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Id. § 1B1.13(b)(6). A court considering whether a change in law constitutes an extraordinary and compelling circumstance must consider fully "the defendant's individualized circumstances." Id.

Defendant has not identified any extraordinary and compelling reason to grant him compassionate release. First, Defendant's aggregate sentence of 228 months in prison is not unusually long. Defendant's extensive criminal history qualified him as a career offender, and that status generated an advisory guideline range, the bottom of which was three years longer than the sentence Defendant received. Additionally, if the Government had not withdrawn the Section 851 information, Defendant would have been subject to a mandatory-minimum sentence of 20 years in prison. That other drug traffickers have received lower sentences than Defendant's does not mean that Defendant's is unusually long, particularly considering his extensive criminal history.

Defendant also has not shown that he is suffering from medical circumstances that constitute an extraordinary and compelling reason to grant his request for compassionate release. Defendant's medical records show that he suffered from hip pain, but they also reflect that he received a total hip replacement that addressed that pain. While his medical records reflect that he may be suffering from other conditions, including a "foot drop," he has not shown that his medical conditions are severe enough to qualify as extraordinary and compelling circumstances under Section 1B1.13(b)(1). Although Defendant complains that he has not received the medical care he needs, his medical records reflect regular attention to, and treatment of, his medical conditions. Moreover, Defendant has also not shown that he is housed at a correctional facility affected by an ongoing outbreak of infectious disease or public health emergency, that he is at increased risk of suffering severe medical complications or death as a result, and that this risk cannot be adequately mitigated in a timely manner. Id.

Defendant has also not shown that his family circumstances warrant his compassionate

release. Defendant has presented evidence that his mother suffers from Parkinson's disease, but those records reflect specific and relatively minor consequences of that disease. They do not reflect his mother's incapacitation. Defendant has also suggested but offered no evidence to show that he is the only available caregiver for his mother. He has not satisfied Section 1B1.13(b)(3)(C).

Finally, while Defendant has shown that he has performed relatively well in BOP custody, rehabilitation efforts alone cannot support compassionate release. Id. § 1B1.13(d).

The Court further finds that, even if Defendant had identified an extraordinary and compelling reason to justify his compassionate release, the sentencing considerations described in 18 U.S.C. § 3553(a) also counsel against any sentence reduction. Defendant committed a serious drug-trafficking offense involving his possession of a firearm. His criminal history is extensive. And while he argues that he is no longer a danger to the community, his relatively positive several years in the BOP does not show that he is no longer a threat, particularly considering his criminal history. Because of the serious nature of Defendant's offense conduct, the need to protect the public, and the need to deter Defendant and others from similar committing similar crimes, the Section 3553(a) factors weigh against a reduction in Defendant's sentence.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 64), is **DENIED**.

Max O. Cogburn Jr
United States District Judge